THE MORALES LAW FIRM
DAVID MORALES (191229)
morales@alum.mit.edu
99 S. Almaden Blvd., Suite 600
San Jose, CA 95113
Telephone: (888) 836-0880

Attorneys for Defendants
ETHAN QIQI HU, GMBEYE,
and RAFADIGITAL LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC, a Delaware limited liability company,

Plaintiff,

v.

ETHAN QIQI HU, an individual; GMBEYE; RAFADIGITAL LLC, a Mississippi limited liability company; and DOES 1–20,

Defendants.

Case No. 3:23-cv-02964-JD

**VERIFIED *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO COMPLAINT AND [PROPOSED] ORDER**

**F.R.C.P. 6(1)(A)**

## REQUEST TO EXTEND TIME

Pursuant to Federal Rule of Civil Procedure 6(1)(A), Defendants Ethan Qiqi Hu, GMBEYE, and Rafadigital LLC ("Defendants"), respectfully request that the Court reconsider granting a further extension of Defendants' deadline to answer, move, or otherwise respond to the Complaint to February 16, 2024. Defendants contend that good cause exists to grant this request because the parties have reached an agreement on the core settlement terms, and they have exchanged written Settlement documents which defense counsel believes should finally resolve this dispute. On January 11, 2024, Plaintiff's counsel indicated that Plaintiff would not oppose this request.

According to the Court's records, on June 16, 2023, Plaintiff Google LLC filed a complaint against Defendants (the "Complaint," ECF No. 1). Since July 2023, the parties have been working

diligently to resolve this dispute informally, and to save Court and party resources. Defendants have very much appreciated Plaintiff's willingness to engage in good-faith settlement discussions. In defense counsel's experience, parties are often unwilling to do so until much later in the litigation, and only after much of the discovery has been completed. However, Plaintiff has been actively engaged with Defendants in frank settlement discussions. Given the complexity of the matters involved in this case, each round of discussions required significant time and consideration. The Parties have not been attempting to delay this litigation for any improper purpose.

In July 2023, the Parties began meeting and conferring in this case, and exploring the possibility of settlement. In August 2023, the Parties engaged in further settlement discussions, and exchanged written settlement proposals. Plaintiff provided a revised proposal in late September 2023, and Defendants provided a written response in October 2023. In November 2023, the parties exchanged additional written proposals, and engaged in further telephonic discussions. In early December 2023, the Parties reached an agreement on core settlement terms, and they began preparing the Settlement documents.

Shortly before our December 21, 2023 Case Management Conference, Plaintiff's counsel provided defense counsel with an initial draft of the proposed settlement documents. Defense counsel knew that he would be unavailable to review the proposed settlement documents until after the New Year. Anticipating that Plaintiff would then require some weeks to review any revisions proposed by Defendants, on December 19, 2023, Defendants filed a further Joint Stipulation proposing to continue Defendants' deadline to respond to the Complaint until January 31, 2024 so a final Settlement may be finalized without the Court and the parties incurring unnecessary litigation expenses. (At the time, Defense counsel already had multiple hearings scheduled in January 2024 that would require travel to various jurisdictions in Northern and Southern California.)

During the Case Management Conference on December 21, 2023, the Court denied the parties' Joint Stipulation, and granted Defendants until January 16, 2024 to respond to the Complaint, reasonably indicating that it expected the parties to move forward with the litigation if the case was not settling. However, following the December 21, 2023 Case Management Conference, defense counsel was served with approximately five (5) additional motions in other matters to be heard in January, including (4) hearings scheduled for January 10th and January 16th in various Northern and

Southern California jurisdictions, ADR scheduled for January 19th, and four (4) hearings scheduled for the last week in January, in addition to handling other *ex parte* matters.

Given these unexpected changes to his schedule, Defense counsel was just recently able to revise the proposed, final Settlement documents and return them to Plaintiff's counsel for review, but it is unclear how long Plaintiff's internal review process will now take. Having exchanged what they hope will be the final Settlement documents, defense counsel believes even more so that this dispute will be finally resolved in short order.

Therefore, notwithstanding the Court's reasonable decision during the Case Management Conference, Defendants respectfully contend that it would be in the interest of party and judicial economy to further extend Defendants' deadline to respond to the Complaint. This would prevent Court and party resources from being expended unnecessarily on filing and responding to Defendants' anticipated Motion to Dismiss over the next few weeks, all while Plaintiff is completing its review of the final Settlement documents.

Accordingly, Defendants respectfully request that the Court reconsider its decision to deny a further extension of time, allowing the Parties to finalize a Settlement Agreement. Thus, Defendants respectfully request that the Court extend Defendants' deadline to answer, move, or otherwise respond the Complaint from January 16, 2024 to February 16, 2024.

Dated: January 11, 2024

Respectfully submitted,

By: _____*/s/ David Morales*_____
David Morales

THE MORALES LAW FIRM
DAVID MORALES (191229)
morales@alum.mit.edu
99 S. Almaden Blvd., Suite 600
San Jose, CA 95113
Telephone: (888) 836-0880

Attorneys for Defendants
ETHAN QIQI HU, GMBEYE, and RAFADIGITAL LLC

## <u>VERIFICATION</u>

I certify under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, except where indicated on information and belief.

Dated:  January 11, 2024

Respectfully submitted,


By: _____*/s/ David Morales*_____
David Morales


**GOOD CAUSE APPEARING, IT IS SO ORDERED,**

Given that the parties are currently reviewing what may be the final Settlement documents resolving this dispute, good cause exists to grant Defendants' request to extend time.  The last day by which Defendants may answer, move, or otherwise respond to the Complaint is hereby extended to February 16, 2024.

Dated: _____, 2024


By: _____
JUDGE OF THE UNITED STATES DISTRICT COURT

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2024, a copy of the foregoing document was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

David Morales